IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Wesley L. Givens, | ) | Case No. 9:24-cv-00763-DCC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Green, Cpt. Barnes, Cpt. McCollough, | ) | |
| Sgt. Lisa Adams, Sgt. Brittany | ) | |
| Pressley, Richard Sweetenburg, | ) | |
| Andrea McMillian, Lt. Davis, Ms. | ) | |
| Privette, Sgt. Miles Perkins, | ) | |
| Commander, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court upon allegations that Plaintiff's civil rights have been violated. ECF No. 2. In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), (D.S.C.), this matter was referred to United States Magistrate Judge Molly H. Cherry for pre-trial proceedings and a Report and Recommendation ("Report"). On January 23, 2025, Defendants filed a motion for summary judgment. ECF No. 49. Plaintiff filed no response.[1] On July 28, 2025, the Magistrate Judge issued a Report recommending that the motion be granted in part and denied in part and that Cpt. Barnes be dismissed pursuant to Federal Rule of Civil Procedure 4(m). ECF No. 69. The Magistrate Judge advised the parties of the procedures and requirements for filing

---

[1] Prior to the Report, Plaintiff filed a motion for mediation, which will be addressed below. ECF No. 64.

objections to the Report and the serious consequences for failing to do so. Defendants filed objections.[2] ECF No 77.[3]

## APPLICABLE LAW

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a de novo determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The Court will review the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." (citation omitted)).

## ANALYSIS

The Court first addresses Plaintiff's motion and letter. ECF Nos. 64, 78. In ECF No. 64, Plaintiff states that he has "fulfilled all necessary steps" and that his case "should

---

[2] Since the issuance of the Report, Plaintiff has filed a letter. ECF No. 78. This document will be addressed below.

[3] The Court notes that this ruling comes prior to the deadline to file a reply to the objections. The Court is of the opinion that a reply would serve no meaningful purpose in part because none of Defendant's objections are being sustained.

move forward." He further requests that Defendants be directed to engage in mediation. *Id.* The Court notes that Plaintiff put six case numbers in the caption; thus, it is difficult to interpret what relief he is seeking in each case. At this procedural posture, his motion for mediation is denied with leave to refile in the event that his claims survive summary judgment. In ECF No. 78, Plaintiff lists only this case number. He titles the document as "motion for trial motion to dismiss no attorney." *Id.* He appears to take issue with Defendants' motion for extension of time to file objections. *Id.* The Court notes that while he has listed one case number, Plaintiff filed substantially similar documents in his other cases. The extension requested by Defendants was granted upon a showing of good cause. *See* Fed. R. Civ. P. 6(b). Thus, any request for relief in this document is denied.

The Court next turns to the portions of the Report to which no party has objected. The Magistrate Judge recommends granting Defendants' motion as to Plaintiff's claims pursuant to 42 U.S.C. § 1983 against Defendants in their official capacities; all of Plaintiff's claims against Commander; Plaintiff's excessive force claim pertaining to events on December 21, 2021, against Adams and McMillian; Plaintiff's claim for excessive force based on the use of chemical munitions on December 22, 2021; Plaintiff's claim for excessive force based on physical force on December 22, 2021, against Adams; Plaintiff's claims for bystander liability based on the events of December 22, 2021, against Adams and Privette; Plaintiff's claim for excessive force based on physical force on April 15, 2022, against Davis, Sweetenburg, and McMillian; Plaintiff's claims for bystander

liability based on events on April 15, 2022, against Greene,[4] McCullough, Pressley, and Adams; and Plaintiff's claim for deliberate indifference to serious medical needs. The Magistrate Judge further recommends finding all Defendants are entitled to qualified immunity except as to Plaintiff's claims for excessive force against Perkins, Presley, and Greene. With respect to Plaintiff's state law claims, the Magistrate Judge recommends granting Defendants' motion for summary judgment as to Plaintiff's claims for negligence; sexual assault; and assault and battery except as to Perkins, Pressley, and Greene. As to Defendant Barnes, the Magistrate Judge recommends dismissal pursuant to Rule 4(m). No party has objected to these findings. Accordingly, upon review for clear error, the Court agrees with the recommendation of the Magistrate Judge. Thus, the remaining claims are for excessive force against Defendant Perkins regarding September 30, 2021; for excessive force against Defendants Pressley and Greene based on the December 22, 2021, incident; and state law claims for assault and battery against Defendants Perkins, Pressley, and Greene stemming from those same incidents.[5]

The Court now turns to the remainder of the motion, which it has considered de novo. The Court notes the unusual procedural posture of this case: Plaintiff did not file a response to the motion for summary judgment, the attorney now representing Defendants was not the attorney who drafted the motion for summary judgment, and Defendants are

---

[4] The Magistrate Judge notes that the correct spelling of Defendant's name is Greene. ECF No. 69 at 1 n.1.

[5] The Court is of the firm opinion that Plaintiff's filing after the issuance of the Report should not be considered objections. However, the Court would have reached the same conclusions with respect to these claims even if its review had been de novo.

now presenting new evidence in support of their objections.  In light of the seriousness of the allegations and the peculiar history of this case, the Court is of the opinion that allowing a full and complete motion for summary judgment to be fully briefed and analyzed in the first instance by the Magistrate Judge is the most appropriate action in this case. Accordingly, as to the remaining claims against Defendants Perkins, Pressley, and Greene, Defendants are directed to file a supplemental motion for summary judgment, including all supporting documents available to them.  The Court will not look kindly on any further attempts to present new evidence in objections without a full explanation as to why this information was not previously available to them.  *See Rousselle v. Gov't of Honduras*, No. 2:25-CV-00539-RMG, 2025 WL 892551, at *2 (D.S.C. Mar. 24, 2025) ("[A]ttempts to introduce new evidence after the magistrate judge has acted are disfavored," though the district court may allow it "when a party offers sufficient reasons for so doing." (quoting *Caldwell v. Jackson*, 831 F.Supp.2d 911, 914 (M.D.N.C. 2010) (alteration in original))).  **The Court also takes this opportunity to warn Plaintiff that failure to file a timely response in opposition to Defendants' dispositive motion may result in dismissal of this action for failure to prosecute or comply with an order of the Court pursuant to Federal Rule of Civil Procedure 41(b).**  Defendants are directed to file such supplemental dispositive motion within 21 days.

## CONCLUSION

After considering the record in this case, the applicable law, and the Report of the Magistrate Judge, the Court agrees in part and respectfully declines to agree in part with the recommendation of the Magistrate Judge.  Defendants' motion [49] is **GRANTED in**

5

**part and FOUND as MOOT in part** with leave to refile within 21 days.  Defendant Barnes is **DISMISSED** pursuant to Rule 4(m).[6]  This matter is recommitted to the Magistrate Judge for further proceedings.

    IT IS SO ORDERED.

s/ Donald C. Coggins, Jr.
United States District Judge

September 26, 2025
Spartanburg, South Carolina

---

[6] Plaintiff's motion [64] is **DENIED** without prejudice.